U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 1 0 2015

TONY R. MOORE, CLERK
BY _____ MB
　　　　　DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **LAWRENCE RICKS** | **CIVIL ACTION NO. 12-0349** |
| -vs- | **JUDGE DRELL** |
| **CITY OF ALEXANDRIA, ET AL.** | **MAGISTRATE JUDGE KIRK** |

## RULING

Currently before the Court is Defendant TASER International, Inc.'s (TASER) Motion for Summary Judgment based on Louisiana Revised Statute § 9:2800.10 (Doc. 131). In its motion, TASER argues that because Robert Ephraim Ricks was engaged in the commission of two felony offenses at the time he died, his father, Plaintiff Lawrence Ricks, is barred from recovering damages related to his death. We have considered the filings and evidence in the record and the parties' arguments contained in their briefs and are prepared to rule on the pending motion. For the reasons detailed below, Defendants' Motion for Summary Judgment will be **DENIED**.

**I.    Background**

Plaintiff Lawrence Ricks (Plaintiff) is suing Defendant TASER in this case for the wrongful death of his son, Robert Ephraim Ricks (Mr. Ricks). The factual background in this case has been discussed in prior rulings of this Court (See Docs. 108, 129) and by the Magistrate Judge's Report and Recommendation that was adopted by this court (Doc. 25). The Report and Recommendations detailed the allegations surrounding Mr. Ricks' complaint as follows:

> [Plaintiff] alleges in his complaint that, on February 5, 2011, Maxine Jones called 911 for assistance because her grandson, Robert [Ricks], was sweating and shaking very badly. [Mr. Ricks] had a history of bipolar disorder and schizophrenia. [Plaintiff] alleges that

>Acadian Ambulance Service and the Alexandria Fire Department responded to the call and noted [Mr. Ricks] was diaphoretic with dilated pupils, but he refused medical treatment and retreated to a backroom in the house, where he appeared to be agitated and restless but not combative. [Plaintiff] alleges the Alexandria Police Department was called by Acadian Ambulance, and officers entered the home and tried to talk [Mr. Ricks] into going to the hospital; [Mr. Ricks] was very restless. [Plaintiff] alleges that Maxine Jones convinced [Mr. Ricks] to go to the hospital, but when she said she could not go with him, he grabbed her and 'allegedly' fell on her. [Plaintiff] alleges [Mr.] Ricks was then handcuffed and led to a patrol car, where he sat down but refused to put his feet in the car. [Plaintiff] alleges Officer Kirk performed two knee strikes to [Mr. Ricks's] common peroneal, to no avail, so Officer Joffrion tasered [Mr. Ricks] in his right thigh area; [Mr. Ricks] then placed his feet in the car and was transported to the Rapides Parish jail. [Plaintiff] alleges in his complaint that, upon arrival, [Mr. Ricks] exited the car escorted by two sheriff's deputies, but a struggle broke out in which [Mr. Ricks] was alleged to have kicked and yelled; four deputies then carried [Mr. Ricks] into the elevator and up to the jail. [Plaintiff] alleges that [Mr. Ricks] was held down on the ground until the isolation cell was available, then picked up and another struggle started; [Deputy] Mark Wood kicked [Mr. Ricks] in the shoulder area to push him back to the ground, then held [Mr. Ricks'] shoulders. [Plaintiff] alleges that, at some point, [Mr. Ricks] was tasered in the back by [Deputy James] Brunet, then moved toward the cell, but as he was moved his body went limp; [Mr. Ricks] was placed in the cell and observed not to be breathing.

(Doc. 25 at 1-2). TASER is the only defendant remaining in this suit, and the only claim that remains against TASER is one for unreasonably dangerous construction or composition under the Louisiana Products Liability Act (LPLA). (See Docs. 108, 129).

## II.     Law and Analysis

### A.     Summary Judgment Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011) (internal quotations omitted). It is important

2

to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

### B. Louisiana Revised Statute 9:2800.10

La. R.S. § 9:2800.10 states in full:

A. No person shall be liable for damages for injury, death, or loss sustained by a perpetrator of a felony offense during the commission of the offense or while fleeing the scene of the offense.

B. The provisions of this Section shall apply regardless of whether the injury, death, or loss was caused by an intentional or unintentional act or omission[1] or a condition of property or a building. However, the provisions of this Section shall not apply if injury to or death of a perpetrator results from an intentional act involving the use of excessive force.

C. For purposes of this Section "damages" includes all general and special damages which may be recoverable for personal injury, death, or loss of or damage to property, including those otherwise recoverable in a survival or wrongful death action.

Although there is scant case law interpreting this provision, the Louisiana Supreme Court has made clear that if a court finds that an injury, death, or loss was sustained during the commission of a felony, there can be no recovery for this loss. Taylor v. City of Leesville, 99 So.3d 638 (La. 2012) (per curiam opinion holding that where a trial court found a plaintiff committed a felony by attempting to provide an inmate with a cellular phone, La R.S. § 9:2800.10 applied and barred her recovery for loss sustained due to rape and assault while she attempted to provide the cell phone). Therefore, if the evidence in the summary judgment record supports a finding that Robert Ricks was engaged in the commission of a felony when

---

[1] "Conduct or circumstances" that create liability under the LPLA are "'fault within the meaning of Civil Code Article 2315," which creates tort liability for acts or omissions. La. R.S. § 9:2800.52. Therefore, La. R.S. § 9:2800.10 is applicable to Plaintiff's LPLA claim.

he died, and that his death was not caused by the intentional use of excessive force, we must also find that no damages can be recovered for loss resulting from his death.

TASER argues in its motion that Mr. Ricks committed two felonies in the course of events leading to his death: battery of a police officer in violation of La. R.S. § 34.2, and resisting a police officer with force or violence in violation of La. R.S. § 14:108.2. We will consider each separately.

*I.     Battery of a Police Officer*

Battery of a police officer "is a battery[2] committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a police officer acting in the performance of his duty." La. R.S. § 14:34.2(A)(1). Police officers are "commissioned police officers, sheriffs, deputy sheriffs, marshals, deputy marshals, correctional officers, federal law enforcement officers, constables, wildlife enforcement agents, state park wardens, and probation and parole officers." La. R.S. § 14:34.2(A)(2). Additionally, battery of a police officer is punishable by imprisonment with hard labor, and thus is a felony[3], when it is committed while the offender is "detained in any jail, prison, correctional facility, juvenile institution, temporary holding center, halfway house, or detention facility." La. R.S. § 14:34.2(B)(2).

As we observed in a prior ruling on four motions for summary judgment, the evidence in the summary judgment record showed that when Mr. Ricks was taken to the Rapides Parish Detention Center, he "struggle[d] and kick[ed] police officers" prior to being tased. (Doc. 108 at 27). The evidence also shows that Mr. Ricks knew or reasonably should have known that the officers at the Detention Center were police officers acting within the performance of their duties; it is not contested that they were engaged in

---

[2] Battery is "the intentional use of force or violence upon the person of another." La. R.S. § 14:33

[3] La. R.S. § 14:2(A)(4).

arresting and subduing him prior to his incarceration at a detention center. Kicking an officer is sufficient evidence to support a conviction under § 14.34.2. State v. Brown, 131 So. 3d 207, 213-14 (La. App. 5 Cir. 2013).

However, though there is ample evidence in the record to support that Mr. Ricks was "struggling" and "kicking," there is none that definitively supports a finding that Mr. Ricks ever made contact with any police officer while he struggled or kicked. "Physical contact whether injurious or merely offensive" is an essential element of battery. State v. Schenck, 513 So. 2d 1159, 1165 (La. 1987) (quoting State v. Dauzat, 392 So. 2d 393, 396 (La. 1980)(internal quotation marks omitted)). Attempting to commit a battery without success (such as in the form of physical contact) is assault, and simple assault is a misdemeanor.[4] La. R.S. § 14:36, 38(A). There is no specific provision in the Louisiana Revised Statues that defines assault on a police officer as anything other than simple assault or makes such a crime a felony. We find there is a genuine dispute of material fact regarding whether Mr. Ricks committed the felony offense of battery of a police officer.

II.     *Resisting a Police Officer With Force or Violence*

La. R.S. § 14:108.2 defines resisting a police officer with force or violence as:

[A]ny of the following when the offender has reasonable grounds to believe the victim is a police officer who is arresting, detaining, seizing property, serving process, or is otherwise acting in the performance of his official duty:

(1) Using threatening force or violence by one sought to be arrested or detained before the arresting officer can restrain him and after notice is given that he is under arrest or detention.

(2) Using threatening force or violence toward or any resistance or opposition using force or violence to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.

---

[4] "Whoever commits a simple assault shall be fined not more than two hundred dollars, or imprisoned for not more than ninety days, or both." La. R.S. § 14:38(B).

(3) Injuring or attempting to injure a police officer engaged in the performance of his duties as a police officer.

(4) Using or threatening force or violence toward a police officer performing any official duty.

La. R.S. § 14:108.2(A)(1)-(4). A person who commits these crimes "shall be fined not more than two thousand dollars or imprisoned with or without hard labor for not less than one year nor more than three years, or both." La. R.S. § 14:108.2(D). Thus, this crime also qualifies as a felony. La. R.S. § 14:2(A)(4).

As we discussed above, we found previously that Mr. Ricks "struggle[d] and kick[ed] police officers" prior to being tased and placed in a holding cell. (Doc. 108 at 27), and we find now that the evidence is sufficient to show Mr. Ricks had reasonable grounds to believe the Rapides Parish Sheriff's Office and Police Department of Alexandria officers were police officers acting in their official duties. Although it may appear to be a harsh result, evidence of kicking and struggling with police officers after an arrest but while being incarcerated is sufficient to support a conviction for resisting a police officer with force or violence. La. R.S. § 14:108.2(B); see State v. George, 142 So. 3d 210 (La. App. 5 Cir. 2014). Thus, we find that the evidence supports a conclusion that Mr. Ricks engaged in the commission of this felony during the circumstances leading up to his death

### III. Excessive Force Defense

The provisions of La. R.S. § 9:2800.10 do not apply "if injury to or death of a perpetrator results from an intentional act involving the use of excessive force." La. R.S. § 9:2800.10(B). As we mentioned above, the only case that provides guidance on this law is one Louisiana Supreme Court decision, in which case the excessive force exemption did not apply because the inmates who raped the plaintiff (who were not the only defendants in the action) did not have any right to use reasonable force under the circumstances. Taylor, 99 So. 3d at 638.

6

In this case, we held previously that none of the named *and properly served* defendants in this case used excessive force on Mr. Ricks. (Doc. 108 at 34). However, we never reached the issue of whether three law enforcement defendants, James Brunet, Danny Joffrion, and Silton Metoyer, used excessive force on Mr. Ricks, because those defendants were not properly served. (Doc. 108 at 35-36). Significantly, Deputy Brunet is the officer who allegedly administered the second tase to Mr. Ricks. (Doc. 25 at 2). Plaintiff's claims for damages resulting from excessive force against these defendants cannot survive, but this Court has not made any factual finding that excessive force was not, in fact, used by any of these defendants. Indeed, the essence of the alledged conduct by the unserved defendants was that Mr. Ricks was excessively tasered, causing his death. (Doc. 1). Plaintiff may still attempt to prove at trial that the intentional use of excessive force caused Mr. Ricks's death and thus that the provisions of La. R.S. § 9:2800.10 do not apply. Therefore, we find that there is a genuine dispute of material fact as to whether La. R.S. § 9:2800.10 is applicable in this case.

### III.    Final Observations and Conclusion

Interestingly, had TASER not filed this motion, trial would have been limited to the product liability claims, all police defendants having been dismissed. Now, however, Plaintiff will have the opportunity to present evidence on the issue of excessive force. Because we find that the summary judgment record contains evidence sufficient to support the conclusion that there is no genuine dispute of material fact as to whether Mr. Ricks was engaged in the commission of a felony during the events leading up to his death, we find that La. R.S. § 9:2800.10 applies. However, we also find that the summary judgment record leaves a genuine dispute of material fact as to whether an intentional act involving the use of excessive force caused Mr. Ricks's death, and therefore we cannot say at this juncture whether the

excessive force defense to La. R.S. § 9:2800.10 may be applied by Plaintiff. Therefore, Defendant's Motion for Summary Judgment (Doc. 131) is **DENIED.**

SIGNED on this 10th day of March, 2015 at Alexandria, Louisiana.

_____
DEE D. DRELL , CHIEF JUDGE
UNITED STATES DISTRICT COURT